[No. 6790. Decided October 10, 1907.]

THE STATE OF WASHINGTON, *on the Relation of Liberty Lake Irrigation Company et al., Appellant*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent*.[1]

EMINENT DOMAIN—WATER RIGHTS—IRRIGATION—PROCEEDINGS—PETITION—SUFFICIENCY. In proceedings to condemn the right to water for irrigating purposes, it is not a fatal defect to omit from the petition a statement of the time that the water is to be used, as required by Bal. Code, § 4143, where from other allegations it appears that a perpetual use is desired.

SAME—NECESSITY—DEFENSES. In such proceedings, the fact that the petitioner has appropriated and may obtain a large supply from another source will not defeat the condemnation.

SAME—PROPERTY SUBJECT—RIPARIAN RIGHTS—WATERS USED OR NEEDED. Under Bal. Code, § 4156, condemnation of the rights of abutting owners to the use of the waters of a stream is limited, and

[1]Reported in 91 Pac. 968.

cannot include waters used or needed by the riparian owner for his lands then irrigated or which he intends to irrigate within a reasonable time.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered July 6, 1906, adjudging a public use, etc., in an action to condemn a way for a ditch and the riparian rights to the waters of a nonnavigable arm of a lake.  Reversed.

*Gallagher & Thayer*, for relators.
*Happy & Hindman* and *Allen & Allen*, for respondent.

ROOT, J.—This is a proceeding to review an order of condemnation made in the case of Spokane Valley Land and Water Company v. Liberty Lake Irrigation Company and Arthur D. Jones & Company.  The order was for the condemnation of a way for a ditch and the riparian or littoral rights of relators to the waters of a nonnavigable arm of Liberty Lake.  In the years 1904 and 1905, the water company built a dam across an arm of the lake which prevented the water thereof from reaching relators' premises.  An action was brought to enjoin the company, and the court granted an injunction against further interference with the water until the water company should condemn the use of the water in the arm of the lake.  Thereupon the present proceeding was had, and from the order of condemnation made, this appeal is prosecuted.

The relators contend, (1) "that the courts have never been granted power to condemn water which is 'needed' by the owner for irrigation purposes [Bal. Code, § 4156 (P. C. § 5871)]; (2) the water company does not need this water because it owns an ample supply in the Spokane river; (3) no proof was made as to the extent of time the water sought to be condemned is intended to be used."  We will notice these contentions in the inverse order.

Bal. Code, § 4143 (P. C. § 5858), provides that the petition for condemnation shall set forth the extent of time that said water is intended to be used. We think that ordinarily the petition should set forth a statement to this effect, but do not believe that the omission so to do is fatal to a judgment or decree in the proceeding, where the other facts set forth in the petition are such as to show, as they do in this case, that the purpose was doubtless to make a perpetual use of the water so condemned and appropriated.

As to the second contention, it appears from the record that the water company had appropriated, and was capable of using, a large supply of water from the Spokane river. We do not think, however, that this fact in itself is sufficient to defeat the order of condemnation made herein.

As to the first contention, the parties hereto are at variance touching the meaning of the word "needed," as used in § 4156 *supra*, which is as follows:

"The right herein given to condemn the use of water shall not extend any further than to the riparian rights of persons to the natural flow of water through lands upon or abutting said streams or lakes, as the same exists at common law, and is not intended in any manner to allow water to be taken from any person that is used by said person himself for irrigation, or that is needed for that purpose by any such person."

Relators contend that the statute authorizes and requires an exception from the condemnation order of all the water that is used by such owner or that may be hereafter needed to irrigate the lands abutting upon said stream or lake. The trial court, however, held that the meaning of the statute was that the riparian owner could reserve so much of the water as was "used *and* needed." It was contended by respondent that, under the act of Congress approved March 3, 1877 (1 Supp. to U. S. Rev. Stats. 137), relators had no riparian or littoral rights, inasmuch as their land was not patented by the government until after the date of the passage of this act. Assuming, but not deciding that this is correct, we think the effect

of § 4156, *supra,* justifies relators in objecting to the condemnation by the water company of so much of the water as is used or needed for irrigation by them upon their abutting lands. If, under this act of Congress, the owner of land abutting upon a nonnavigable stream or body of water, has no littoral or riparian rights therein, nevertheless it would seem that, after the issue of patent for such land by the United States, the duty would devolve upon the state to provide how "the appropriation and use of the public," mentioned in the statute, should be exercised. By § 4156, *supra,* it is provided that a portion of this water shall be reserved to that part of the public using or needing the water upon abutting property. We perceive nothing in this requirement of the statute inconsistent with the act of Congress.

In the recent case of *State ex rel. Kettle Falls etc. Irr. Co. v. Superior Court Stevens County,* 46 Wash. 500, 90 Pac. 650, this court said:

"Under Bal. Code, § 4156 (P. C. § 5871), the ordinary abutting owner must submit to the condemnation of his riparian rights to the natural flow of the water as at common law, with the limitation, however, that water 'that is used by said person himself for irrigation, or that is needed for that purpose by any such person' may not be condemned."

See, also, *Nesalhous v. Walker,* 45 Wash. 621, 88 Pac. 1032.

The question then turns upon the meaning and intention of the legislature by the expression "needed,' as employed in § 4156, *supra.* We think it means the water necessary to irrigate the land of the littoral or riparian owner which he now has under irrigation, and also that which he intends to, and will, place under irrigation within a reasonable time. It cannot be supposed that the legislature intended that a riparian owner could prevent an irrigating company from appropriating water not then in use but which the riparian owner might need and use upon his land at some distant, indefinite time in the future. Such a construction would be in the interest of the speculator rather than for the encouragement of the land

improver and home builder. The statute gives the riparian owner a preference right, upon the theory that he needs and will avail himself of the privilege thus given him. If he is not using the water and does not propose to use it as soon as practicable in the ordinary and reasonable development or cultivation of his lands, then there is no reason why the water should be withheld from others who need and will promptly use it if permitted. Irrigation is an important means of developing the country and making its arid lands productive and valuable. Hence, the state has made provision therefor. It is not to the state's interest that the water of a nonnavigable stream should be idle or going to waste because one of its citizens, having a preference right to its use, unjustifiably neglects to avail himself thereof, while others stand ready and willing, if permitted, to apply it to the irrigation of their arid lands. On the other hand, the preference accorded an abutting property owner should not be limited to his immediate present use of the water. Circumstances justifying some delay might be such as to prevent him from constructing the ditches, flumes, dams, piping, and other equipment necessary to place all of his irrigable land under irrigation at once. We think it comports with the general policy of the state to hold that this statute contemplated the use by the abutting owner of the water necessary for his present needs and for those that accrue as he in good faith proceeds with reasonable dispatch to construct the means for applying the water to his adjacent arid land.

The order of condemnation made by the honorable superior court herein is reversed, and the case remanded with the following instructions: The trial court shall ascertain how much of appellant's land is ready for water at this time, and how much of its land (owned at the time this action was commenced) it intends to and will within a reasonable time—say two or three years—place under irrigation from the waters sought to be condemned. Upon ascertaining the facts as to

these matters, the order of appropriation shall except from its operation a sufficient amount of water to meet the present needs of relators and the needs that will accrue within a reasonable period of the immediate future; so far as the court can determine by the preparations made, and from all the facts and circumstances shown, and the expressed intentions and purposes of relators, and their evident good faith relative to promptly placing said lands under irrigation. If the relators fail to use promptness and good faith in appropriating and using the water reserved to irrigate their abutting lands, and at the end of the period fixed by the court, as hereinbefore indicated, it shall appear that they have not under irrigation a sufficient amount of land to make necessary the use of all the water reserved to them in the decree now to be entered, said decree shall not be a bar to another application for condemnation of such of the reserved water as is not then needed and used.

HADLEY, C. J., CROW, and DUNBAR, JJ., concur.